151 So. 638

## CITY OF SHREVEPORT v. TAYLOR.

### No. 32590.

Nov. 27, 1933.

Claude B. Prothro, Asst. City Atty., of Shreveport, for appellant.

Murff & Perkins, of Shreveport, for appellee.

ST. PAUL, Justice.

The defendant was charged with violating an ordinance of the city of Shreveport requiring all persons moving or transferring personal effects, household goods, etc., from one address in the city to another address to report same to the chief of police in writing. The trial judge discharged the accused on the ground that the ordinance was ultra vires, giving his reasons as follows:

"Under section 11, subd. 6, Act No. 158 of 1898 (City Charter), the city could regulate 'The proper government of carts, drays, wagons and other vehicles of every description, freight locomotives, passenger and street cars,' etc. [But]

"In 1912, under Act No. 220, § 1, subd. 8, the above act was amended, and the city was given authority to regulate draymen, cartmen, automobiles, express vehicles of every description used and employed for hire. [Hence]

"The court is of the opinion that the city of Shreveport could only regulate vehicles used for hire, and the ordinance in question does not read that way."

The city of Shreveport appealed.

We think the judgment correct. Under the express terms of the Act of 1912 (No. 220) the city of Shreveport is given authority to regulate only such vehicles as are "employed for hire," and hence an ordinance which undertakes to regulate all vehicles regardless of whether or not they are used for hire is ultra vires.

City of New Orleans v. Schick, 167 La. 674, 120 So. 47, has no application. In that case it was held in effect that under the broad powers granted to the city of New Orleans by its charter, Act No. 159 of 1912, §§ 1 and 8, the city of New Orleans had power to regulate all vehicles whether used for hire or not; but, as above said, the city of Shreveport is expressly limited to the regulation of such vehicles only as are used for hire.

#### Decree.

For the reasons assigned the judgment appealed from is affirmed.